# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

GREGORY WAYNE PIERCE, )
)
    Plaintiff, )
)
v. )
) Case No. CIV-19-811-SM
ANDREW M. SAUL, )
Commissioner of Social )
Security, )
)
    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff has filed an application to proceed in district court without prepaying fees or costs. *See* Doc. 2. The matter has been assigned to the undersigned Magistrate Judge consistent with General Order 16-4.

The filing fee in civil cases is presently $400.00.[1] Pursuant to 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Grimes v. TCF Bank*, 769 F. App'x. 659, 660 (10th Cir. May 3, 2019) (reviewing a district court order denying an IFP application for an abuse of discretion); *see also See Cabrera v. Horgas*, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the

---

[1] The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $50.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

sound discretion of the trial court."). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Proceeding in forma pauperis "'in a civil case is a privilege, not a right – fundamental or otherwise.'" *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998) (quoting *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998)). To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. Jan. 4, 2002) (citations omitted); 28 U.S.C. § 1915(a)(1); *Lister*, 408 F.3d at 1312; *see Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. Feb. 4, 2008) ("[T]he district court has broad discretion in determining whether to grant or deny an application to proceed *in forma pauperis*.").

In this matter, Plaintiff has filed an appeal of the Social Security Commissioner's final decision. Plaintiff is not a prisoner, and therefore the special concerns attendant to prisoner cases do not exist.

Plaintiff's spouse receives $1,600.00 every month in income and the family receives $440.00 a month in food stamps. Doc. 2, at 1. Plaintiff avers his spouse owns one vehicle for which her parents pay a monthly payment and the monthly insurance premium. *Id.* at 2. He owns no other real estate, financial instruments, or things of value. *Id.* Plaintiff avers he currently has $0.00 in any bank account. *Id.* He identifies monthly expenses of approximately $1,465.00. *Id.* Plaintiff has two dependents and states he is in default on two school loans, one for him and another for his spouse. *Id.* He identifies no other debt or financial obligations. *Id.*

"[W]here discretionary income is sufficient to pay the filing fee even in a case where total expenses exceed total income, denial of an *in forma pauperis* motion is appropriate." *Scherer v. Merck & Co.*, 2006 WL 2524149, at *1 (D. Kan. Aug. 24, 2006). The court believes Plaintiff has limited income, but notes his monthly expenses are approximately $135.00 less than his monthly income, not including food stamps. Doc. 2, at 1-2; s*ee, e.g., Lewis v. Ctr. Mkt.*, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009) ("While this Court does not suggest that [Plaintiff] is wealthy or has lots of money to spend, she does appear to have discretionary income and/or assets. It appears that she has the ability to spend her discretionary funds on filing fees if she desires."), *aff'd*, 378 F. App'x 780 (10th Cir. 2010). Based on Plaintiff's application, the court is of the opinion Plaintiff is financially able to pay the filing fee in monthly payments. *See*

3

*Corum v. Comm'r*, No. CIV-18-38-SM, 2018 WL 795642, at *2 (W.D. Okla. Jan. 17, 2018) (recommending monthly payment of filing fee), *adopted*, 2018 WL 794712 (W.D. Okla. Feb. 8, 2018).

The undersigned recommends the court grant in part and deny in part Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. Doc. 2. The undersigned recommends Plaintiff shall make the first $25.00 payment to the district court clerk on the date determined by the district court judge. Thereafter, Plaintiff shall pay $25.00 on or before the first day of each month.

Failure to pay the filing fee as directed could result in this matter being dismissed pursuant to the Federal Rules of Civil Procedure. The Clerk of Court shall not issue process until at least $100.00 has been paid toward the filing fees in this matter.

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court on or before **September 25, 2019**. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives her right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 4th day of September, 2019.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE