IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY WAYNE PIERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-19-811-SM |
| ANDREW M. SAUL, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Gregory Wayne Pierce (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 12, 16.

Plaintiff's arguments challenge the ALJ's consideration of his physical and mental limitations. *See* Docs. 17, 24. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the court reverses the Commissioner's decision and remands for further administrative development. *See* 42 U.S.C. § 405(g).[1]

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

I.  **Administrative determination.**

A.  **Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

B.  **Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

**C.    Relevant findings.**

**1.    Administrative Law Judge's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 12-22; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)   had not engaged in substantial gainful activity since September 1, 2015, his alleged onset date;

(2)   had severe medically determinable impairments of a history of coronary artery disease and recurrent myocardial infarction; cardiomyopathy/chronic heart failure; hypertension; obstructive sleep apnea; status post removal of kidney; and non-severe impairments of depression, anxiety, and chronic smoker;

(3)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)   had the physical residual functional capacity (RFC)[2] to perform light work as defined in 20 C.F.R. § 404.1567(b), except that involving more than lifting/carrying 10 pounds frequently and 20 pounds occasionally; sitting 6 hours during an 8-hour workday; and standing/walking 6 hours during an 8-hour workday;

---

[2]   RFC "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

    (5)    was capable of performing his past relevant work as a general construction contractor as that work is generally performed in the economy; and thus

    (6)    had not been under a disability since September 1, 2015, the alleged onset date.

*See* AR 15-22.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not

based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

### B.   Issues for judicial review.

Plaintiff asserts the ALJ erred in considering his physical and mental impairments when determining his RFC. Doc. 17, at 17-23; Doc. 24, at 2-8. Plaintiff argues the ALJ erred in disregarding medical evidence about his ability to stand and walk. Doc. 17, at 17-19; Doc. 24, at 2-4. Plaintiff also argues the ALJ erred in considering limitations caused by Plaintiff's mental impairments and in failing to make requisite findings regarding the mental demands of Plaintiff's past relevant work. Doc. 17, at 20-23; Doc. 24, at 5-8.

### C.   Analysis.

#### 1.   The ALJ's consideration of Plaintiff's mental impairments.

Plaintiff argues the ALJ erred in considering Plaintiff's mental impairments at step four of the sequential evaluation. Doc. 17, at 20-23; Doc. 24, at 5-8. The court agrees. At step two of the evaluation, the ALJ considered and discussed Plaintiff's mental impairments of anxiety and depression. AR 15-17. The ALJ ultimately found that Plaintiff's "psychiatric

5

impairment[3] imposes mild limitations of understanding, remembering, and applying information; mild limitations interacting with others; mild limitations on maintaining concentration, persistence, and pace; and mild limitations of adapting or managing oneself," concluding that Plaintiff's mental impairments were non-severe. *Id.* at 15, 17; *see also* 20 C.F.R. § 1520a (discussing evaluation of severity of mental impairments).

Though the ALJ found Plaintiff's mental impairments to be non-severe, she was still required to consider their effects in formulating the RFC. *See Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) ("[I]n assessing the claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe*."); *accord* 20 C.F.R. § 404.1545(a)(2); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). And in considering the effects of non-severe impairments, the ALJ may not "simply rely on [her] finding of non-severity as a substitute for a proper RFC analysis." *Wells*, 727 F.3d. at 1065; *see also* SSR 96-8p, 1996 WL 374184, at *4 (noting that criteria used at steps two and three of the analysis to evaluate mental impairments are "not an RFC assessment," and that "[t]he

---

[3]   Because the ALJ's discussion encompasses both depression and anxiety, it is reasonable to assume the ALJ intended to reference "psychiatric impairments," plural, rather than "impairment," singular. *See* AR 15-17.

mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment"). Additionally and, "most importantly," "the ALJ's 'RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence.'" *Wells*, 727 F.3d at 1065 (quoting SSR 96-8p, 1996 WL 374184, at *7).

Here, however, the ALJ did not discuss Plaintiff's mental impairments at all beyond step two, thus failing to meet the Tenth Circuit's standard. *See* AR 17-22. Defendant argues substantial evidence supports the ALJ's determination Plaintiff's mental impairments were non-severe. *See* Doc. 23, at 9-13. In any event, the ALJ was still required to consider the effects of the non-severe impairments—which she found to be mild limitations in all areas of mental functioning—at step four of the evaluation. *See id.* at 13 ("The Commissioner acknowledges that in making a disability determination, he must consider Plaintiff's impairments in combination and that in assessing RFC, he must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe.") (internal quotation marks and citations omitted). The ALJ's decision does not demonstrate that she did so.

Indeed, the final statement the ALJ provides regarding Plaintiff's mental impairments is a finding they impose mild limitations in each of the four broad areas of mental functioning. *See* AR 17. And though only mild, the ALJ made a finding of functional limitations that, without discussion, she then ignored when determining Plaintiff's RFC. This is error. *See Wells*, 727 F.3d at 1065; SSR 96-8p, 1996 WL 374184, at *7 ("[An ALJ] must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."); *cf. Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015) (explaining that, though limitations found at steps two or three do not necessarily translate into functional limitations and restrictions in an RFC assessment, the ALJ must review the record evidence and conduct a "more detailed" assessment of any mental limitations at the step four RFC assessment). Because the ALJ found limitations at step two, but failed to explain why she ignored those limitations when determining the RFC, the ALJ's RFC determination was flawed and remand is required.

### 2. Additional claims of error.

Because the above issue warrants remand, the court need not address Plaintiff's other claims of error. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

8

## III. Conclusion.

Based on the above, the court reverses the Commissioner's decision and remands for further administrative development.

**ENTERED** this 13th day of May, 2020.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE